951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John N. BACH, Defendant-Appellant.
 No. 90-10628.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 18, 1991.*
Decided Dec. 26, 1991.
 
 Before ALARCON, BOOCHEVER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bach is an attorney convicted by jury trial for failure to file income tax returns in violation of 26 U.S.C. § 7203. Bach complains that he was denied due process by the prosecutor's questions concerning his post-Miranda warning silence. As this issue determines the outcome, we will not address his remaining claims.
 
 FACTS AND PROCEEDINGS BELOW
 
 3
 Bach failed to file income tax returns for the years 1982, 1983 and 1984. Bach's long-time accountant, Daniel Jeffers, testified at trial that for the years in question, unlike previous years, Bach provided no information regarding his income until 1984. Jeffers testified he never received all of the financial records needed to prepare the tax returns for these years. Bach claimed his omissions were due to the fact he fired his bookkeeper, Klota Underwood, for claiming overtime not due her. Underwood testified that she had left his records in good order and denied Bach's claims of impropriety.
 
 
 4
 The IRS began investigating Bach in 1983. The parties disagree as to whether Bach cooperated with IRS officials but it is undisputed that they made repeated contacts with him. It is also undisputed that special agents from the IRS, Richard Mounkes and Gregory Naylor, were dispatched to Bach's home to discuss his absent tax returns, but Bach chose not to speak with them.
 
 STANDARD OF REVIEW
 
 5
 A district court's determinations on questions of law and on mixed questions of law and fact which implicate constitutional rights are reviewed de novo. Wood v. Sun, 865 F.2d 982, 986 (9th Cir.1988).
 
 DISCUSSION
 
 6
 When the IRS agents interviewed Bach at his home, Bach declined to answer questions following the reading of his Miranda rights. At trial, the prosecutor questioned both Bach and Special Agent Mounkes about Bach's post-Miranda silence. Bach claims it was prejudicial error to allow such questioning even though the trial court admonished the prosecutor and instructed the jury to disregard that line of questioning. We agree with Bach and now reverse.
 
 
 7
 Bach's post-Miranda silence was first raised when, over defense counsel's objection,[1] the prosecutor asked Agent Mounkes:
 
 
 8
 Q. By Ms. Defoe: What was his response when you read him his rights?
 
 
 9
 A. Mr. Bach, or the person who identified himself as Mr. Bach, responded that he would like to consult with his counsel before responding to any questions, and he asked me to leave the property.
 
 
 10
 Q. Did he say anything else to you at that time?
 
 
 11
 A. No.
 
 
 12
 Record of Transcript 381-383 ("R.T.").
 
 
 13
 In the second instance, the prosecutor asked the defendant, Mr. Bach, the following:
 
 
 14
 Q. Well, what did you say to him after he read whatever this was that he read to you?
 
 
 15
 A. I indicated two things to him: I started to interrupt him and he says, "No, I've got to finish reading this." And I said, "I'm not so sure I understand what you are saying to me, and I think I had better think about it."
 
 
 16
 Q. Did you tell him that you wanted to talk to your lawyer?
 
 
 17
 A. No I don't believe I told him that....
 
 
 18
 Q. Did you ever offer to him an explanation as to why you had failed to file your income tax returns?
 
 
 19
 Mr. Frick: I'm going to object as to why he didn't do something, Your Honor. I believe that goes into exercising his constitutional rights.
 
 
 20
 The Court: Objection sustained.
 
 
 21
 (R.T. 950-953.)
 
 
 22
 A prosecutor who attempts to impeach a defendant by referring to his post-Miranda silence violates the due process clause of the Fourteenth Amendment, Doyle v. Ohio, 426 U.S. 610 (1976).
 
 
 23
 In Greer v. Miller, 483 U.S. 756 (1987), the Supreme Court qualified Doyle by holding that there was no prejudice by mere reference to post-Miranda silence if the court forbade testimony and provided curative instructions.
 
 
 24
 The present case does not fall within the Greer qualification because the trial court permitted continued testimony regarding the post-Miranda silence. "It is significant that in each of the cases in which this court has applied Doyle, the trial court has permitted specific inquiry or argument respecting the defendant's post-Miranda silence." Id. at 764.[2] This court has recently recognized this distinction in United States v. Newman, 943 F.2d 1155 (9th Cir.1991). "The natural use of the testimony in this manner is to prejudice the defendant by attempting to create an inference of guilt in the jury's mind." Id. at 1157 (quoting United States v. Wycoff, 545 F.2d 679, 681 (9th Cir.1976)). It is the questions and answers that make the prosecutor's conduct rise to the level of a constitutional violation.
 
 
 25
 In Newman, the trial court gave two lengthy limiting instructions which this court held were still ineffective because they could not overcome the prosecutor's suggestion that an innocent man would not remain silent. Id. at 1158.
 
 
 26
 Likewise, the instructions from the trial court in this case were ineffective because the jury had already been tainted by the testimony.[3] As a result, the prosecutor's line of questioning was reversible error unless we can determine that it was harmless. As the following analysis explains, we cannot.
 
 
 27
 Under Chapman v. California, 386 U.S. 18, 24 (1966), a constitutional error may be found to be harmless if the court finds it harmless beyond a reasonable doubt. The proper analysis is to look at the error in the context of the entire record to determine the effect of the prosecutor's allusion to the defendant's post-Miranda silence. Newman detailed several factors courts will consider: the extent of the comments by the witness; whether an inference of guilt from silence was stressed to the jury; and the extent of other evidence suggesting the defendant's guilt. Id. at 1158. Here, there was an extended exchange when the agent took the stand about the defendant's failure to speak. An inference of guilt was likely because the government further mentioned the silence when Bach himself testified.
 
 
 28
 The only distinction between Newman and this case is the amount of evidence against the defendant. The Newman court was persuaded by the scant evidence admitted to prove the defendant's guilt. Here, although there was considerable evidence against the defendant, from bank records to his personal accountant's testimony, his credibility was critical to his defense. The necessary level of intent required to convict was "willfulness." Any prosecutor's tactic creating an inference that he knew he was guilty would clearly not be harmless error beyond a reasonable doubt.[4] We hold that Bach's constitutional rights were violated.
 
 
 29
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 After a question concerning the reading of a statement card respecting Bach's rights, counsel objected as follows: "Excuse me, your Honor, I'm going to object as to reading of this particular card, and I don't think it's relevant. I think the issue is whether Mr. Bach made a statement to him, and if he made no statement, I don't believe warning him of his rights has no bearing." (R.T. 382-383.) While the objection could have been more explicit, it appeared to seek to bar the line of testimony unless Bach had waived his rights and had made a statement
 
 
 [2]
 See e.g., Jenkins v. Anderson, 447 U.S. 231, 233-234 (1980); Anderson v. Charles, 447 U.S. 404, 405-406 (1980); Fletcher v. Weir, 455 U.S. 603, 603-604 (1982); South Dakota v. Neville, 459 U.S. 553, 564 (1983); Wainright v. Greenfield, 474 U.S. 284, 285, 287 (1986)
 
 
 [3]
 The magistrate gave the following instruction: "Mr. Bach had a constitutional right not to speak to Agent Mounkes. You are not to draw any inferences against Mr. Bach from the fact that he exercised this right." R.T. 1038
 
 
 [4]
 At oral argument, the government's counsel conceded that the reason for dragging up Bach's silence was to prove his state of mind